IN THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
EASTERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
**F I L E D**

MAY - 6 2009

J. T. NOBLIN, CLERK
BY_____DEPUTY

VANESSA B. BRASWELL, as
Guardian of JASON RAY BRASWELL,

                                                **PLAINTIFF**

VS.
                                            NO. 4:09cv62-DPJ-JCS

INVACARE CORPORATION,
INVACARE CONTINUING CARE, INC., and
JOHN DOE DEFENDANTS 1-50,
                                            **DEFENDANTS**

## COMPLAINT

Comes now, the Plaintiff, Vanessa B. Braswell, as Guardian of Jason Ray Braswell, by and through their attorneys, and files this Complaint against the Defendants, and in support thereof would respectfully show unto the Court as follows:

1. Jurisdiction is based upon diversity of citizenship of the parties, and the amount in controversy exceeds the sum of $75,000.00, exclusive of the interest and costs.

2. Vanessa B. Braswell is an adult resident citizen of Clarke County, Mississippi, who resides at 886 Hwy 11, Enterprise, Mississippi 39330.  Vanessa B. Braswell was appointed General Guardian of the Person of Jason Ray Braswell by order of the Chancery Court of Lauderdale County, Mississippi, of October 9, 1997.

3. Jason Ray Braswell is an adult resident citizen of Clarke County, Mississippi, who resides at 886 Hwy 11, Enterprise, Mississippi 39330.

4. Defendant Invacare Corporation is an Ohio corporation that is not licensed to do business in the State of Mississippi.  Said defendant can be served with process by serving its registered agent for process, CT Corporation System, 1300 East 9th Street, Cleveland, OH 44114.

5.  Defendant Invacare Continuing Care, Inc. was incorporated in Missouri, has its main office in Elyria, Ohio, but is licensed to do and is doing business in the State of Mississippi.  Said defendant may be served with process by serving its agent for process, CT Corporation System of Mississippi, 645 Lakeland Drive East, Suite 101, Flowood, MS 39232-7644.

6.  John Doe Defendants 1-50 are persons, corporations, limited liability companies, partnerships, and/or other entities whose identities are currently unknown, and thus are named as fictitious party defendants.  The plaintiff will seek leave to amend this complaint and state their true names and capacities when their identities are ascertained.  Plaintiff further alleges that the Defendants described as John Doe Defendants 1-50 were negligent and proximately responsible for the damages alleged in this Complaint, together with the named defendants.

7.  Vanessa B. Braswell purchased a 9000XT Invacare XL wheelchair manufactured by Defendant Invacare Corporation.  This wheelchair was purchased for the use and benefit of Jason Ray Braswell.

8.  On May 11, 2006, Vanessa B. Braswell was moving Jason Ray Braswell onto the porch of their house from their specially-equipped van when both of the handle grips pulled off of the handles of the wheelchair and the wheelchair rolled backwards.  Combined with the height of the porch and the height of Jason's wheelchair, Jason fell about 5 ½ to 6 feet onto his right side, landing on his head, shoulder, and arm.

9.  Jason Ray Braswell suffered severe personal injuries as a result of his fall.  He suffered an injury to his shoulder and a head injuries, including but not limited to a right intraparenchymal hemorrhage.

10.  The detachment of the handle grips was due to the negligence of the Defendants and due

2

to the faulty wheelchair.

## I. PRODUCTS LIABILITY

11. Plaintiffs incorporate by reference all of the preceding allegations of the complaint.

12. The subject wheelchair was defective in that at the time the product left the control of Defendants it deviated in a material way from the manufacturing specifications or from otherwise identical units manufactured to the same manufacturing specifications.

13. The subject wheelchair was defective in that at the time the product left the control of Defendants it failed to contain adequate warnings or instructions that the handle grips could separate from the wheelchair:

    A.    Defendants knew or in light of reasonably available knowledge should have known about the danger of the handle grips coming apart from the wheelchair, resulting in Jason Ray Braswell being injured. The ordinary user or consumer of the wheelchair would not realize that this was dangerous condition of the wheelchair.

    B.    Defendants failed to provide a warning or instruction that a reasonably prudent person in the same or similar circumstances would have provided with respect to the danger of the handle grips detaching from the wheelchair. Defendants failed to communicate sufficient information on the dangers and safe use of the wheelchair, taking into account the characteristics of, and the ordinary knowledge common to an ordinary consumer who purchases rehabilitation equipment such as the wheelchair.

    C.    The danger posed by the defective condition of the wheelchair was not known

nor was it open and obvious to Vanessa or Jason Ray Braswell, nor should the defective condition have been known nor should it have open and obvious to Vanessa or Jason Ray Braswell, or other like ordinary users of the subject walker. Those who normally purchase and use the wheelchair are dependant upon the expertise of the manufacturers, assemblers, and distributors, such as Defendants, as to the safety and reliability of such a product.

14. The subject wheelchair was defective in that at the time the product left the control of Defendants the wheelchair was designed in a defective manner:

A.     The defect in design or formulation for which caused the handle grips to come detached from the wheelchair, resulting in injuries and damage to Jason Ray Braswell was not caused by an inherent characteristic of the wheelchair which is a generic aspect of the wheelchair. The defective design could have been eliminated without substantially compromising the wheelchair's usefulness or desirability.  Simple modifications in design could have prevented the defective condition of the wheelchair and such modifications are recognized by the ordinary person with the ordinary knowledge common to industry of those who manufacture, assemble, and or sell rehabilitation products such as the wheelchair.

B.     At the time the wheelchair left the control of Defendants, Defendants knew, or in light of reasonably available knowledge or in the exercise of reasonable care should have known, about the danger of the handle grips coming unscrewed from the wheelchair that caused the damage and injuries to Jason

4

Ray Braswell for which recovery is sought.  It was expected that the wheelchair could be used for sitting and mobility by Jason Ray Braswell. The wheelchair failed to function as expected and there existed a feasible design alternative that would have to a reasonable probability prevented the harm to Jason Ray Braswell, without impairing the utility, usefulness, practicality or desirability of the wheelchair to users or consumers.

15. Defendants sell the subject wheelchair to the infirm, handicapped, and elderly individuals for use in helping these individuals get around and for sitting.  The wheelchair breached express warranties to operate as a sitting device and from of mobility for disabled persons and failed to conform to express factual representations that the wheelchair can be used for mobility and for sitting. Jason Ray Braswell justifiably relied upon these representations in electing to use the walker; and

(i)     The defective condition rendered the wheelchair unreasonably dangerous to Jason Ray Braswell; and

(ii)    The defective and unreasonably dangerous condition of the wheelchair proximately caused the damages and injuries to Jason Ray Braswell for which recovery is sought.

16. Jason Ray Braswell, as reasonably expected by Defendants, is disabled, and infirm, and he and his guardian reasonably relied upon the representations made by Defendants that the handles of the wheelchair could be used for maneuvering the wheelchair.  As such, neither Vanessa nor Jason Ray Braswell had knowledge that the handle grips would come detached from the wheelchair, which is inconsistent with his safety.  Since Plaintiff was not aware of this defect and danger she was

unable appreciate the danger in the defective condition. Moreover, she was unknowingly and innocently exposed to the danger without being able to register assent on the continuance of the dangerous condition.

17.   Defendants exercised substantial control over that aspect of the design, testing, manufacture, assembly, packaging and/or labeling of the wheelchair that failed causing harm to Jason Ray Braswell for which recovery of damages is sought; and Defendants altered or modified the wheelchair, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought; and Defendants had actual or constructive knowledge of the defective condition of the wheelchair at the time the wheelchair was supplied to Jason Ray Braswell.

## II.  Breach of Express Warranties Pursuant to Miss. Code Ann. § 75-2-313

18.  Plaintiffs incorporate by reference all of the preceding allegations of the complaint.

19.  Defendants affirmed and promised to Vanessa and Jason Ray Braswell that the subject wheelchair was safe to be used by them.  In addition, Defendants described the wheelchair to Vanessa and/or Jason Ray Braswell and or someone on his behalf as one that could be used safely for mobility and for sitting. This affirmation, promise, and description became part of the basis of the bargain for the purchase of the wheelchair.  Therefore, an express warranty was created by Defendants and/or their agents that the wheelchair could be safely used by Vanessa and Jason Ray Braswell for mobility and sitting.  This warranty was breached when the handle grips came apart from the wheelchair.

## III.  Breach of Implied Warranty of Fitness for Particular Purpose and Merchantability

20.  Plaintiffs incorporate by reference all of the preceding allegations of the complaint.

6

21. At the time of the purchase of the walker, Defendants knew and had reason to know that Vanessa Braswell was purchasing the wheelchair for the particular purpose of Jason Ray Braswell's mobility and sitting, for which the wheelchair was required and Ms. Braswell was relying on Defendants's skill and judgment to select and/or furnish a suitable walker. Therefore, there was an implied warranty that the wheelchair would be fit for such purpose. This warranty was breached when the wheelchair fell as a result of the handle grips coming apart from the wheelchair.

22. Defendants are merchants in selling products such as the subject wheelchair. Therefore, an implied warranty that the wheelchair was merchantable was implied in the contract for the purchase of the walker. The subject wheelchair failed this warranty in that it was not fit for ordinary purpose of such walkers, to be used for sitting and mobility.

## IV. NEGLIGENCE/RECKLESS

23. Plaintiffs incorporate by reference all of the preceding allegations of the complaint.

24. The actions of Defendants that caused injury to Jason Ray Braswell, as stated in this complaint, were done recklessly and/or negligently.

## V. DAMAGES

25. Plaintiffs incorporate by reference all of the preceding allegations of the complaint.

26. Plaintiff is entitled to recover damages from the Defendants in the following manners and respects:

    A.    Medical and related expenses;

    B.    Physical pain and suffering;

    C.    Worry, anxiety and mental and emotional distress;

    D.    All other damages arising from the injuries to the Plaintiff.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff Vanessa B. Braswell, as Guardian of Jason Ray Braswell, sues and demands judgment against the Defendants in the sum of Ten Million Dollars ($10,000,000.00), together with all costs of this preceding.   Further, Plaintiff requests a jury trial of this action in the United States District Court.

Respectfully submitted, this the 27th day of April 2009.

VANESSA B. BRASWELL, as Guardian of
JASON RAY BRASWELL

BY: _____
STEPHEN P. WILSON

JOE CLAY HAMILTON (MSB No. 2973)
jchamilton@thehamiltonlawfirm.com
R. KEVIN HAMILTON (MS Bar 100886)
khamilton@thehamiltonlawfirm.com
STEPHEN P. WILSON (MSB No. 101219)
swilson@thehamiltonlawfirm.com
THE HAMILTON LAW FIRM, PLLC
911 26th Avenue
Post Office Box 1511
Meridian, MS 39302-1511
PHONE: 601/693-5548
FAX: 601/693-2949